IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARQUIS CATTLE COMPANY, a Montana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHUCK MURDOCK d/b/a C&M CATTLE,<br><br>Defendant. | CV 19-87-GF-JTJ<br><br>MEMORANDUM AND ORDER |

## INTRODUCTION

Plaintiff Marquis Cattle Company (MCC) brought this action against Chuck Murdock d/b/a C&M Cattle (Murdock) and Defendant Gary L. Spielman d/b/a G&M Agventure (Spielman). MCC alleged that Murdock and Spielman failed to pay for Montana cattle that MCC had shipped to Spielman's ranch in Texas and to Murdock's feedlot in Oklahoma. MCC asserted claims against the Defendants for breach of contract, unjust enrichment, and violations of the Packers and Stockyard Act of 1921, 7 U.S.C. § 181, *et seq.*

MCC settled all of its claims against Spielman on November 10, 2021. (Docs. 59, 62). The Court entered an Order on January 13, 2022, dismissing all of

MCC's claims against Spielman with prejudice. (Doc. 63).[1]

Murdock moved for summary judgment on all of MCC's claims against him. MCC opposed the motion. The Court conducted a hearing on the motion on May 24, 2022. (Doc. 80).

Following the hearing, MCC informed the Court that its unjust enrichment claim against Murdock should be dismissed for lack of personal jurisdiction. (Doc. 82). The Court dismissed MCC's unjust enrichment claim against Murdock without prejudice on June 14, 2022. (Doc. 83).

The Court is prepared to rule on the remaining portions of Murdock's motion for summary judgment which seek the dismissal of MCC's breach of contract claim, and MCC's claim under the Packers and Stockyard Act.

## BACKGROUND

The following facts are undisputed. MCC is a Montana corporation with its principal place of business in Belt, Montana. (Doc. 1 at 2). MCC buys and sells Montana cattle subject to the provisions of the Packers & Stockyard Act. *Id.* Corey Marquis (Marquis) and his wife Beckie own and operate MCC.

Defendant Murdock is a citizen of Oklahoma. *Id.* Murdock owns and

---

[1] The caption of this case has been amended to reflect that Spielman is no longer a Defendant in this case.

operates a cattle feedlot near Boise City, Oklahoma. (Doc. 1 at 2). Murdock does business as C&M Cattle. *Id.*

Defendant Spielman resides in Dalhart, Texas. (Doc. 1 at 2). Spielman owns and operates the O-Bar Ranch in Texas. *Id.* Spielman does business as G&M Agventure. *Id.*

The controversy in this case began when Spielman, Jeremy Byrd (Byrd), and Jimmy Dellenger (Dellenger) decided to jointly purchase some Montana cattle. (Doc. 77 at 2). Spielman, Byrd and Dellenger planned to fatten the Montana cattle they purchased and sell the cattle for a profit. *Id.*

Byrd's role in the joint venture was to act as a facilitator. (Doc. 77 at 2). Byrd was to find a cattle broker in Montana and place orders for the purchase of cattle. *Id.* Byrd contacted Marquis by telephone in November 2017. (Doc. 47 at 27-28; Doc. 77 at 2). Byrd instructed Marquis to purchase some northern calves and ship the cattle to Spielman's O-Bar Ranch in Texas. (Doc. 77 at 2-3). Marquis purchased a truck load of Montana cattle as directed and shipped the cattle to Spielman's Ranch. (Doc. 77 at 3).

Marquis purchased additional truck loads of cattle for Spielman in November and December 2017, at Byrd's request. (Doc. 77 at 3). Most, if not all, of these cattle were shipped to Murdock's feedlot in Oklahoma because Spielman

3

did not have room for the cattle at his Texas ranch. (Doc. 77 at 3-4).

At some point, Spielman decided that he did not want any more Montana cattle. Byrd told Marquis to stop buying cattle for Spielman. (Doc. 77 at 5). When Spielman's decision was communicated to Marquis, a number of cattle were already in transit to Murdock's feedlot in Oklahoma. *Id.* Byrd has described these cattle as cattle in "loose hands," given that Spielman had rejected the cattle and there was no identified purchaser. (Doc. 77 at 6-7).

Marquis and Bryd began looking for buyers to purchase the cattle that had been delivered to Murdock's feedlot, but rejected by Spielman. (Doc. 77 at 7-8). Bryd asked Murdock whether he was interested in purchasing some of the cattle that Spielman had rejected. (Doc. 77 at 9). Murdock agreed to purchase some of the cattle. (Doc. 77 at 9). MCC sent Murdock two invoices for the cattle Murdock purchased. (Doc. 21 at 5-6). Murdock paid the amounts requested in the invoices in full. (Doc. 77 at 9-12; Doc. 85 at 38).

Some of the cattle that were delivered to Murdock's feedlot and rejected by Spielman were purchased by Andy Jones. (Doc. 85 at 29; Doc. 38). MCC alleges that some of the cattle that were delivered to Murdock's feedlot and rejected by Spielman were never purchased by anyone. MCC alleges that Murdock and Spielman may have "retained" these cattle without paying for them. (Doc. 85 at

4

29-31, 36; Doc. 77 at 10-12). MCC concedes, however, that it is unable to identify the party who retained the cattle without paying for them. (Doc. 77 at 10, 12).

## DISCUSSION

### a. Summary Judgment Standard

Summary Judgment is proper if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### b. Breach of Contract Claim

The essential elements of a breach of contract claim are: 1) a valid and enforceable contract; 2) a breach of an expressed or implied contract duty or

obligation; and 3) resulting contract damages. *Kostelecky v. Peas in a Pod LLC*, 518 P.3d 840, 859-860 (Mont. 2022).

Here, it is undisputed that Murdock fully performed all of his contractual obligations with MCC. Murdock agreed to purchase some cattle that had been delivered to his feedlot and rejected by Spielman. MCC sent Murdock two invoices for the purchase of these cattle. Murdock paid the amounts requested in the invoices in full. MCC conceded, during the hearing, that Murdock had paid MCC in full for all of the cattle that Murdock had agreed to purchase from MCC. (Doc. 85 at 38). MCC could not identify any contract that Murdock had failed to properly complete. Murdock is therefore entitled to summary judgment on the breach of contract claim.

c. **Violation of the Packers and Stockyard Act**

The Packers and Stockyard Act (PSA) is codified at 7 U.S.C. §§ 181 *et. seq.* Section 228b(a) of Title 7 provides that a dealer who buys livestock must pay the full purchase price for the livestock no later than one business day following the date of purchase. 7 U.S.C. § 228b(a). The PSA defines a livestock "dealer" as "any person, not a market agency, engaged in the business of buying and selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser." 7 U.S.C. § 201(d). The term "person" encompasses

6

"individuals, partnerships, corporations, and associations." 7 U.S.C. § 182(1). Any delay or attempt to delay the collection of payment for a livestock purchase is considered an unfair practice under the Packers and Stockyard Act. 7 U.S.C. § 228b(c).

Here, MCC has failed to present any evidence showing that Murdock failed to make prompt payment for cattle that he agreed to purchase from MCC. Murdock is therefore entitled to summary judgment on MCC's claim under the Packers and Stockyard Act.

Accordingly, IT IS HEREBY ORDERED:

1. Murdock's Motion for Summary Judgment (Doc. 73) is GRANTED.

2. MCC's breach of contract claim is DISMISSED with prejudice.

3. MCC's claim under the Packers and Stockyard Act is DISMISSED with prejudice.

4. MCC's unjust enrichment claim is DISMISSED without prejudice.

5. The Clerk is directed to enter judgment accordingly.

DATED this 15th day of February, 2023.

John Johnston
United States Magistrate Judge